UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, CDCR #J-48500,<br><br>                              Plaintiff,<br><br>         vs.<br><br>JANIS L. SAMMARTINO,<br><br>                              Defendant. | Case No.: 3:24-cv-01961-WQH-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CIVIL ACTION WITHOUT LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A(b)(1), (2)**<br><br>**[ECF No. 2]** |

HAYES, Judge:

Plaintiff Steven Wayne Bonilla, currently incarcerated at the California Medical Facility in Vacaville, California, and proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Bonilla is a serial vexatious litigant, and he again contends that a judge of this Court has erred by failing to invalidate his Alameda County criminal judgment and sentence in Case No. C-02-0636 MHP. (*See id.* at 2–3.)[1]

---

[1] In fact, Bonilla has filed so many cases attacking the validity of his 1995 conviction, the San Francisco Chronicle has identified him as one of the "most prolific litigants in modern U.S. history." *See* Rachel

Bonilla contends Defendant conspired with unnamed public officials and has "refuse[d] to perform [her] duty to enforce the law" by failing to declare his conviction void and by refusing to release him from "false imprisonment." (*Id.* at 3.) Bonilla has not paid the $405 civil filing fee, but instead has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).[2]

Because Bonilla is barred by 28 U.S.C. § 1915(g) from proceeding IFP, does not allege imminent danger, and seeks damages from a defendant who is absolutely immune, the Court denies his motion and dismisses his complaint without leave to amend both for failing to state a claim and as frivolous.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District

---

Swan, *'Method to his madness': This man may be California's most litigious person*, S.F. Chron., May 27, 2024, available at https://www.sfchronicle.com/crime/article/vexatious-litigant-death-row-19424807.php (last visited Nov. 18, 2024).

[2] Bonilla has since filed additional documents entitled: (1) "Request for Judicial Notice" and (2) "Disqualification of Judges; Conflict of Interest." (ECF Nos. 3, 4.) The first document repeats the claims of malicious prosecution Bonilla asserts in his complaint, and the second states simply that the undersigned and United States Magistrate Judge Karen S. Crawford are disqualified due to an unidentified conflict of interest. (ECF No. 4 at 1.) The Court liberally construes the second document to be a motion for recusal pursuant to 28 U.S.C. §§ 144 and 455. However, the standard for recusal is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir. 1983)); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). A judge's previous adverse ruling alone is not sufficient for recusal. *Nelson*, 718 F.2d at 321. And while consideration of a motion for recusal must take all facts provided as true for the purpose of ruling on their legal sufficiency, the court need not accept "conclusory allegations [that] are baseless and without any factual support." *United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (E.D. Cal. 1999). Bonilla offers no evidence of judicial bias other than his conclusory statement which lacks any factual support whatsoever. The Court therefore finds recusal is not warranted.

Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023), *cert. denied sub nom. Hymas v. Dep't of the Interior*, 144 S. Ct. 2604 (2024).

"To help staunch a 'flood of non-meritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 ("PLRA") established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)). "That rule generally prevents a prisoner from bringing suit *in forma pauperis* (IFP)—that is, without first paying the filing fee—if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)); *see also Ray v. Lara*, 31 F.4th 692, 697 (9th Cir. 2022). "A negative consequence that may impact a prisoner who files a frivolous complaint is a restriction on his ability to file future cases without prepaying filing fees." *Harris v. Mangum*, 863 F.3d 1133, 1139 (9th Cir. 2017). Thus, under § 1915(g), a prisoner with three or more strikes "cannot proceed IFP" absent plausible allegations of ongoing or "imminent danger of serious physical injury" at the time of filing. *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)). That danger must also "stem[] from the violations of law alleged in [the] complaint." *Ray*, 31 F.4th at 701.

Bonilla has a long history of strikes, and he makes no plausible allegations of imminent danger at the time he filed his complaint. *See Andrews*, 493 F.3d at 1055; *In re Steven Bonilla*, 2012 WL 216401, at *1 (N.D. Cal. Jan. 24, 2012) (noting Bonilla's litigation history in the Northern District of California, including the dismissal of 34 pro se § 1983 civil rights actions between June 1 and October 31, 2011, alone, which were dismissed "because the allegations in the complaints do not state a claim for relief under § 1983."); *id.* at *3 n.1 ("The Court recently informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed *in forma pauperis* in any civil rights action.").

Thus, because Bonilla has abused the privilege so often in the past and does not qualify for an imminent danger exception, his motion to proceed IFP in this case [ECF No. 2] is **DENIED** pursuant to 28 U.S.C. § 1915(g). *See Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[P]ermission to proceed in forma pauperis is itself a matter of privilege and not right[.]"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. SCREENING PER 28 U.S.C. § 1915A

Moreover, even if Bonilla were to pay the full filing fee, 28 U.S.C. § 1915A, also enacted as part of the PLRA, requires *sua sponte* review and dismissal of prisoner complaints like his, or any portions of them, which are frivolous, malicious or fail to state a claim upon which relief may be granted, and those that seek monetary relief from a governmental defendant who is immune. 28 U.S.C. § 1915A(a), (b)(1)–(2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal quote marks omitted). As noted above, Bonilla seeks to vacate an Alameda County criminal judgment and to sue a United States District Judge pursuant to § 1983 for failing to declare his long-standing conviction "void." (*See* ECF No. 1 at 3.) He may do neither.

First, to the extent Bonilla challenges the validity of his criminal case, and asks the Court to "order his discharge from false imprisonment," a habeas corpus action is his sole federal remedy, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *See id.*; *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act."); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) ("[H]abeas corpus is the exclusive remedy to attack the legality of [a] conviction or sentence."). For this reason alone, Bonilla's complaint fails to state a claim upon which § 1983 relief can be granted and is subject to *sua sponte* dismissal without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1). *See Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (finding that a § 1983 complaint barred by *Heck* may be

dismissed for failure to state a claim when the pleading as a whole "present[s] an 'obvious bar to securing relief.'"). "[T]he PLRA expressly authorize[s] the district court to dismiss [a] complaint [barred by *Heck*] for failure to state a claim at any time even when … the legal basis for the dismissal [is raised] o[n] its own accord." *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024).

Second, Bonilla seeks damages against United States District Judge Janis L. Sammartino for failing to declare his conviction and sentence void in *Bonilla v. Imperial Cnty. Superior Ct.*, No. 24-CV-980 JLS (VET), 2024 WL 3610975, at *2 (S.D. Cal. July 31, 2024). (*See* ECF No. 1 at 4–28.) In fact, Judge Sammartino denied Bonilla's IFP motion and dismissed that case for the same reasons this case requires dismissal. *See id.* Judges are absolutely immune from damage liability for acts which are judicial in nature. *Forrester v. White*, 484 U.S. 219, 227–29 (1988). Judicial immunity applies to cases brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). "[A] judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356–57.

When absolute immunity applies, claims for damages are frivolous. *See Baker v. King Cnty. Prosecutor's Off.*, 981 F.2d 1257, at *1 (9th Cir. 1992) (unpublished); *see also Hamilton v. Brown*, 630 F.3d 889, 892 n.1 (9th Cir. 2011) ("At the screening stage, the court must dismiss the complaint or any portion thereof that is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief.") (quoting 28 U.S.C. § 1915A(b)). And if an action is frivolous, "there is by definition no merit to the underlying action and so no reason

to grant leave to amend." *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

## III. CONCLUSION

Accordingly, the Court:

(1) **DENIES** Bonilla's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** Bonilla's Complaint without leave to amend both for failing to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and (2); and

(3) **DIRECTS** the Clerk of the Court to close the case and <u>accept no further filings in this matter except a timely-filed Notice of Appeal,</u> which the Court **CERTIFIES** would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: November 22, 2024

Hon. William Q. Hayes
United States District Court